UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES, in its own right and on behalf of the Lummi Indian Nation<br><br>Plaintiff,<br><br>LUMMI INDIAN NATION<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF ECOLOGY, et al.,<br><br>Defendants. | No. C01-0047Z<br><br>ORDER AND JUDGMENT |

THIS MATTER comes before the Court on a Joint Motion to Approve Settlement brought by plaintiff United States, plaintiff-intervenor Lummi Nation, and defendants Washington State Department of Ecology ("Ecology"), Whatcom County, the Georgia Manor Water Association, the Harnden Island View Water Association, and the Sunset Water Association (collectively, the "Water Associations"), and various property owners represented by Eugene Knapp of Barron Smith Daugert PLLC. By Order dated November 2, 2007, docket no. 1262, the Court conditionally approved the settlement and directed the

ORDER AND JUDGMENT - 1

parties to file the final Settlement Agreement.  Having now reviewed the final Settlement Agreement, and all papers related thereto, the Court does hereby ORDER AND ADJUDGE:

(1) **Approval of Settlement Agreement.**  The Court GRANTS the Joint Motion to Approve Settlement, docket no. 1056, and APPROVES the final Settlement Agreement, docket nos. 1264-1 through 1264-10 [hereinafter the "Settlement Agreement"].  The "Case Area," as that term is used in the Settlement Agreement, the Court's previous orders, and this Order and Judgment, means that portion of the Lummi Reservation indicated in the legal description and map contained in Exhibit A to the Settlement Agreement, docket no. 1264-2.  From the date of entry of this Order and Judgment, all groundwater use and regulation of groundwater use within the Case Area shall be governed by the provisions of this Order and Judgment and the Settlement Agreement.  Any and all groundwater uses not consistent with the requirements of this Order and Judgment and/or the Settlement Agreement, including uses otherwise permitted by state and/or federal law, are hereby ENJOINED.  All parties, all persons, and all entities bound by this Order and Judgment, and all their heirs, successors, and assigns, are hereby DIRECTED to take any and all actions required by the Settlement Agreement and this Order and Judgment, and are hereby ENJOINED from taking any actions inconsistent with the Settlement Agreement and this Order and Judgment.

(2) **Allocation of Groundwater.**  Pursuant to and subject to the terms of the Settlement Agreement, Ecology may allocate up to 120 acre-feet per year of groundwater within the Case Area.  Any adjustments to the 120 acre-feet allocation resulting from land transfers or other actions shall be made in accordance with the terms of the Settlement Agreement.  The Lummi Nation may authorize withdrawal of all groundwater in the Case Area not subject to allocation by Ecology, provided that such withdrawal is

subject to the Lummi Nation's commitment to serve non-Lummi water users under other settlements or service agreements, and further provided that chloride levels remain within an acceptable range, as measured and determined in accordance with the terms of the Settlement Agreement.  The Lummi Nation may use, and authorize withdrawal of, such water for any legal purpose.  For purposes of this Order and Judgment, the "Lummi Nation" means the Lummi Nation, as well as the United States in its capacity as trustee for the Lummi Nation and individual Indians for whom the United States owns land in trust or restricted fee status.

(3)   **Water Master.**  A Water Master shall be appointed in the manner, and shall have the authority, described in the Settlement Agreement.  The budget for the Water Master shall be established by agreement between the Lummi Nation and Ecology on an annual basis, with input from the Water Master, and shall be funded as specified in the Settlement Agreement.  If the Lummi Nation and Ecology cannot agree on the amount of the budget for a particular year, the amount of the budget shall be determined by the Court.  Nominations of candidates for the position of Water Master shall be submitted via motion filed within ninety (90) days of the date of this Order and noted by the moving party for the third Friday after filing and service.

(4)   **Initiating Appeal.**  Any person aggrieved by any action or order of the Water Master may appeal to this Court.  Such person shall file a Notice of Appeal and pay the filing fee applicable for new civil actions.  The Notice of Appeal shall briefly describe the action or append a copy of the order of the Water Master to be reviewed, and it shall contain the following language:  "This appeal is from a decision of the Water Master appointed by the Honorable Thomas S. Zilly, United States District Judge, pursuant to the Settlement Agreement in *United States, et al. v. Department of Ecology, et al.*, Case No. C01-0047TSZ."  Within three (3) days after filing the Notice of Appeal, the

appealing party shall serve a copy of the Notice of Appeal on Ecology, the Lummi Nation, and any other person or entity that was a party to the dispute before the Water Master. The appealing party shall also provide the Water Master with a copy of the Notice of Appeal. If Ecology, the Lummi Nation, or any other person or entity that was a party to the dispute before the Water Master wishes to be heard concerning the merits of the appeal, then no later than ten (10) days after receipt of the Notice of Appeal, such person or entity shall electronically file and serve on the appealing party a Notice of Appearance.

(5) **Transmitting Record.** Within ten (10) days after filing a Notice of Appeal, the appealing party shall electronically file the portions of the written record before the Water Master that are germane to the Court's review of the Water Master's decision. Such portion of the record shall have a cover page with the title "Appellant's Excerpt of Record" and shall be paginated. Within ten (10) days after filing of the Appellant's Excerpt of Record, any party that has filed a Notice of Appearance may submit additional, relevant portions of the written record or a log identifying any portions of the Appellant's Excerpt of Record that should be stricken and the basis for such position. Additional portions of the written record, if any, shall be electronically filed, shall have a cover page with the title "Respondent's Excerpt of Record," and shall be paginated. If an Excerpt of Record exceeds fifty (50) pages in length, the filing party shall also deliver a paper copy to the Clerk's Office clearly marked on the first page with the words "Courtesy Copy of Electronic Filing for Chambers."

(6) **Briefs and Noting Date.** Within thirty (30) days after filing of a Notice of Appeal, the appealing party shall electronically file and properly serve an opening brief, not to exceed twelve (12) pages in length, identifying the alleged errors of the Water Master and any relevant factual and/or legal authorities. The appealing party shall note the

ORDER AND JUDGMENT - 4

matter on the Court's motion calendar for the fourth Friday after filing and service of the opening brief.  Any party that has filed a Notice of Appearance may electronically file and properly serve a responding brief, not to exceed twelve (12) pages in length, by the Monday before the noting date.  The appealing party may electronically file and properly serve a reply brief, not to exceed six (6) pages in length, by the noting date.

(7)  **Time and Service.**  With regard to the computation of time and the method of service, the requirements of Fed. R. Civ. P. 5 and 6 and Local Rule CR 7(d)(3), as amended from time to time, shall apply.  Unless otherwise specified in this Order and Judgment, service shall be made on any party that has filed a Notice of Appearance.  The appealing party shall be deemed to have filed a Notice of Appearance by filing the Notice of Appeal.  Extension or expediting of the deadlines imposed by paragraphs 4, 5, and 6 of this Order and Judgment may be sought by motion noted for consideration no earlier than three (3) judicial days after filing and service.  Papers opposing such motions shall be due on the noting date.  No reply papers shall be filed unless requested by the Court.

(8)  **Review.**  Any appeal shall be on the written record established before the Water Master.  The Court will apply the standard of review that governs in appeals from final federal agency action under the Administrative Procedures Act.  The Water Master's decisions will not be disturbed unless they are arbitrary and capricious, an abuse of discretion, unsupported by substantial evidence, or not in accordance with law.  The Court will evaluate the Water Master's interpretation of the Settlement Agreement under a two-step process analogous to the procedure established by *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984).  The Court will defer to the Water Master's factual findings if they are supported by

ORDER AND JUDGMENT - 5

substantial evidence, and the Court will review questions of law de novo. The final judgment of this Court, after review of the challenged action or order of the Water Master, may be appealed in the same manner and pursuant to the same rules and standards as any other judgment of a district court.

(9) **Scope of Order and Judgment.** This Order and Judgment shall be binding on all parties to this action, and on all their heirs, assigns, and successors in interest. This Order and Judgment applies only to groundwater in the Case Area; it has no effect on current or potential claims of any party to any other water source, except to the extent that such claims interfere with the exercise of groundwater rights described in the Settlement Agreement. This Order and Judgment shall not be construed in any way to create tribal jurisdiction as to any party or property where such jurisdiction would not otherwise exist.

(10) **Previous Settlements.** All settlements previously approved by the Court in this case are not affected by this Order and Judgment, and such settlements remain in full force and effect.

(11) **Continuing Jurisdiction.** The Court shall retain jurisdiction of this case to modify this Order and Judgment upon motion of the parties, to appoint a Water Master and to replace the same as might be necessary from time to time, to decide appeals from decisions of the Water Master, and to resolve disputes regarding the annual budget of the Water Master.

(12) **Prior Orders.** The Court VACATES its Order dated May 20, 2005, docket no. 779, and its Amended Order dated June 23, 2005, docket no. 794. Said Orders shall be of no preclusive effect as to any party, any person or entity bound by this Order and Judgment, or any of their heirs, successors, and assigns.

(13) **Costs and Fees.** All parties shall bear their own costs and attorney fees incurred in this matter.

(14) **Judgment.**  Pursuant to Fed. R. Civ. P. 58, this document constitutes the Court's separate and final judgment in this matter.

IT IS SO ORDERED.

DATED this 20th day of November, 2007.

_____
Thomas S. Zilly
United States District Judge

ORDER AND JUDGMENT - 7